UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PING MO, *on behalf of herself, FLSA Collective Plaintiff, and the Class,*

                     Plaintiff,

v.

WEST SIDE STORY, INC.
    d/b/a JING FONG RESTAURANT,
KIN MING LAM,
and TRUMAN LAM,

                     Defendants.

Case No.: 1:22-cv-00530

**FIRST AMENDED CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff PING MO ("Plaintiff MO," or "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this First Amended Class and Collective Action Complaint against Defendants, WEST SIDE STORY, INC. d/b/a JING FONG RESTAURANT, ("Corporate Defendant"), KIN MING LAM, and TRUMAN LAM ("Individual Defendants" and collectively with the Corporate Defendant, "Defendants"), and states as follows:

**INTRODUCTION**

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time-shaving, (2) unpaid wages for compensable break time, (3) illegally retained gratuities, (4) liquidated damages and (5) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to New York Labor Law ("NYLL"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time-shaving, (2) unpaid wages from compensable break time, (3) illegally retained gratuities, (4)

1

unpaid spread of hours premiums, (5) statutory penalties, (6) liquidated damages and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331, 1337, 1343, 1441, and 1446 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the events giving rise to this Complaint took place in this District and because Defendants' principal place of business is in this District.

## PARTIES

5. Plaintiff PING MO is a resident of New York County, New York.

6. Corporate Defendant WEST SIDE STORY INC. d/b/a JING FONG RESTAURANT is a domestic business corporation organized under the laws of New York with its principal place of business and an address for service of process at 380 Amsterdam Avenue, New York, NY 10024. *See* **Exhibit A; Exhibit B.** Corporate Defendant WEST SIDE STORY INC. d/b/a JING FONG RESTAURANT owns and operates the "Jing Fong" restaurant located at 380 Amsterdam Avenue, New York, NY 10024.

7. Individual Defendant KIN MING LAM is an owner and principal of the Corporate Defendant. **Exhibit C; Exhibit D**. Defendant KIN MING LAM exercises operational control as it relates to all employees including Plaintiff MO, FLSA Collective Plaintiffs, and the Class. Defendant KIN MING LAM exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees

including those of Plaintiff MO, FLSA Collective Plaintiffs, and the Class. At all times, employees could complain to Defendant KIN MING LAM directly regarding any of the terms of their employment, and Defendant KIN MING LAM had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

8. Individual Defendant TRUMAN LAM is an owner, principal, and manager of the Corporate Defendants. *See* **Exhibit C**. Defendant TRUMAN LAM exercises operational control as it relates to all employees including Plaintiff MO, FLSA Collective Plaintiffs, and the Class. Defendant TRUMAN LAM exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff MO, FLSA Collective Plaintiffs, and the Class. At all times, employees could complain to Defendant TRUMAN LAM directly regarding any of the terms of their employment, and Defendant TRUMAN LAM had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or hiring, furloughing or terminating such employees, and to reprimand any employees for performing their job duties improperly. *See* **Exhibit E; Exhibit F**. Defendant TRUMAN LAM signed all employee checks. *See* **Exhibit G**.

9. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and the regulations thereunder.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members was directly essential to the business operated by Defendants.

**<u>FLSA COLLECTIVE ACTION ALLEGATIONS</u>**

11. Plaintiff MO brings claims for relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, hosts, servers, bussers, bartenders, bar-backs, cooks, line cooks, food preparers, cleaners, dishwashers, porters, bussers, and food runners) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff MO and the other FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal to pay them for all hours worked, due to Defendants' time-shaving policy and Defendants policy of refusing to compensate employees for break times of twenty (20) minutes or less. The claims of Plaintiff MO stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. A tipped subclass of FLSA Collective Plaintiffs have claims for unpaid wages due to illegally retained gratuities.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to FLSA §216(b), 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff MO brings claims for relief for violations of NYLL pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of herself and all non-exempt employees, (including, but not limited to, hosts, servers, bussers, bartenders, bar-backs, cooks, line cooks, food preparers, cleaners, dishwashers, porters, bussers, and food runners), employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "NYLL Class").

15. Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of each Class. The Class further includes a subclass of tipped employees comprised of amongst others, deliver persons, servers, runners, and bussers ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of both the Class and the Tipped Subclass.

17. The claims of Plaintiff MO are typical of those claims, which could be alleged by any member of the Classes, and the relief sought is typical of the relief that would be sought by each member of the Classes in separate actions.

18. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay for all hours worked due to Defendants' policy of time-shaving, (ii) failing to pay for all compensable break time of twenty (20) minutes or less, (iii) failing to pay spread-of-hours premiums; (iv) failing to provide proper wage statements per requirements of the NYLL, and (v) failing to provide proper wage and hour notices, at date of hiring and annually, per requirements of the NYLL.

19. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures. With regard to Plaintiff and the Tipped Subclass, Defendants also illegally retained gratuities.

20. Plaintiff is able to fairly and adequately protect the interests of the Classes and have no interests antagonistic to the Classes. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation

would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications, establishing incompatible standards of conduct for Defendants. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Classes which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and NYLL Class members within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Class members properly;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d) Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

e) Whether Defendants paid Plaintiff and Class members for all hours worked given the Defendants' policy of time shaving;

f) Whether Defendants paid Plaintiff and Class Members for their breaks of twenty (20) minutes or less;

g) Whether Defendants paid Plaintiff and Class members their spread-of-hours premiums when they worked shifts lasting longer than ten (10) hours;

h) Whether Defendants improperly retained gratuities from Plaintiff and Tipped Subclass members;

i) Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the NYLL; and

j) Whether Defendants provided proper wage and hour notices to Plaintiff and Class members at their date of hiring and annually, per requirements of the NYLL.

## STATEMENT OF FACTS

24. In or around June 2020, Defendants hired Plaintiff MO to work as a busser for Defendants' Jing Fong Restaurant located at 380 Amsterdam Avenue, New York, NY 10013. Plaintiff MO's employment with Defendants ended in or around August 2021.

25. Throughout Plaintiff MO's employment with Defendants, she was scheduled to work from 4:30 p.m. to 9:30 p.m. for five (5) hours per day, two (2) times a week, from 10:30 a.m. to

10:30 p.m. for twelve (12) hours on Saturdays, and from 10:30 a.m. to 9:30 p.m. for eleven (11) hours on Sundays, for a total of approximately thirty-three (33) hours per week.

26. Throughout Plaintiff MO's employment with Defendants, she was always paid at the New York City minimum wage rate. FLSA Collective Plaintiffs, and Class members worked similar hours and were paid at similar rates.

27. Throughout her employment with Defendants, Plaintiff MO was paid with checks under other employees' names and social security numbers. *See* **Exhibit G**. Plaintiff could not cash these checks as they were not made out to her and instead had to rely on Defendants, who would cash the check, and then provide Plaintiff with the equivalent in cash.

28. Throughout her employment, Plaintiff MO observed Defendant TRUMAN LAM and Defendant KIN MING LAM visiting the Upper West Side Jing Fong and meeting with employees and supervisors.

29. Throughout her employment, Plaintiff MO was required to arrive before her scheduled shift approximately fifteen (15) minutes a day to get prepared for work. However, she was not compensated for this time. As a result, Plaintiff had her hours time shaved by one (1) hour every week she worked. Similarly, FLSA Collective Plaintiff and the Class Members arrived to work earlier than their scheduled shift and were not compensated for this time worked.

30. Throughout her employment, Plaintiff MO was further required to clock in and out for unpaid breaks of approximately twenty (20) minutes or less. Plaintiff should have been compensated for this time, as the break itself was not long enough to constitute being a meal break, which should typically last at least thirty (30) minutes. Under federal and state law, this break time should have been considered as compensable work hours that should be included in the sum of hours worked during the workweek. Because she was not compensated for these hours, Plaintiff

was victim to Defendant's policy of undercompensating her hours by one (1) hour and twenty (20) minutes for every week worked. Similarly, FLSA Collective Plaintiffs and Class members were also subject to this policy of undercompensating in violation of the FLSA and the NYLL

31. Throughout Plaintiff MO's employment with Defendants, Plaintiff was required to work shifts exceeding ten (10) hours in duration every weekend. Despite working shifts that exceeded ten (10) hours in duration on Saturdays and Sundays, Plaintiff MO she never received her spread of hours premiums for those shifts. Similarly, Class Members were not paid spread of hours premiums when they worked shifts that exceeded ten (10) hours in duration.

32. Throughout Plaintiff's employment with Defendants, Manager CALVIN HO ("Manager HO") would routinely take tips from Plaintiff and other Class Members. At some point during the workday, tipped employees would be notified about how much money they would receive in tips. On one instance, a coworker left work early and was unable to find out how much they would be receiving. The next day, Plaintiff MO saw Manager HO changing that coworkers' portion of the tips from twenty-five ($25) dollars to twenty ($20) dollars. Plaintiff was also a direct victim of Manager HO's illegal retention of tips. Depending on how busy the restaurant was, Plaintiff's cash tips totaled anywhere from twenty ($20) to fifty ($50) dollars per week. However, Manager HO would steal approximately ten ($10) dollars from the tip pool every day she worked. Similarly, Class Members were also subject to Defendants' policy of illegally retaining tips from employees by permitting managers to take from the tip pool. Although Plaintiff MO and Class Members felt compelled to notify the Restaurant's owners about his behavior, they never did so because Manager CALVIN HO threatened to get them all fired.

33. Defendants failed to provide Plaintiff with wage notices at hiring and at dates of all wage changes, thereafter, as required by the NYLL. Plaintiff did not receive wage notices either upon being hired or upon wage changes since the date of hiring in violation of the NYLL.

34. Plaintiff and Class members did not receive wage statements that were in compliance with the NYLL. Defendants failed to satisfy the requirements under the NYLL because they failed to provide proper wage statement due to the unpaid spread of hours premiums and the unpaid wages dues to time shaving and uncompensated short breaks. Furthermore, throughout her employment with Defendants, Plaintiff MO was paid with checks under other employees' names and social security numbers. *See* **Exhibit G**. Therefore, Plaintiff and Class members did not receive proper wage statements, as their statements failed to accurately reflect the number of hours worked and their proper compensation.

35. Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class Members their regular and overtime wages for all hours worked due to Defendants' time-shaving practices.

36. Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class Members for all their hours worked, due to Defendants' policy of refusing to compensate them for their breaks of twenty (20) minutes or less, in violation of the FLSA and the NYLL.

37. Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premiums to Plaintiff and Class members when working shifts of more than ten (10) hours, in violation of the NYLL.

38. Defendants knowingly and willfully operated their business with a policy of improperly retaining gratuities from Plaintiff, subclass of FLSA Collective Plaintiffs, and the Tipped Subclass in violation of the FLSA and the NYLL.

39. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL.

40. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members, in violation of the NYLL.

41. Plaintiff MO retained Lee Litigation Group, PLLC to represent Plaintiff and FLSA Collective Plaintiffs in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

42. Plaintiff MO realleges by reference all allegations in the preceding paragraphs of this First Amended Class and Collective Action Complaint as if fully set forth herein.

43. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

44. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

45. At all relevant times, Defendants had gross annual revenues in excess of $500,000.00.

46. At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked due to time-shaving.

47. At all relevant times, Defendants had a policy and practice of failing to compensate employees for compensable break times of twenty (20) minutes or less, in violation of the FLSA.

48. At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by illegally retaining gratuities.

49. Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

51. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

52. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, unpaid wages due to time shaving, unpaid wages due to failure to compensate for short breaks of twenty (20) minutes or less, illegally retained gratuities, and an equal amount as liquidated damages.

53. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to the FLSA.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

54. Plaintiff MO realleges by reference all allegations in the preceding paragraphs of this First Amended Class and Collective Action Complaint as if fully set forth herein.

55. At all relevant times, Plaintiff and the Class members were employed by the Defendants within the meaning of the NYLL §§ 2 and 651.

56. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and the Class Members for all hours worked due to Defendants' policy of time-shaving.

57. At all relevant times, Defendants had a policy and practice of failing to compensate Plaintiff and the Class Members for compensable break times of twenty (20) minutes or less, in violation of the NYLL.

58. At all relevant times, Defendants willfully violated Plaintiff's and Class Members' rights by refusing to compensate them spread of hours premiums required by the NYLL.

59. At all relevant times, Defendants willfully violated Plaintiff's and Subclass Members' rights by illegally retaining gratuities.

60. Defendants failed to provide a proper wage and hour notice, on the date of hiring and annually, to all non-exempt employees, in direct violation of the NYYL.

61. Defendants failed to provide proper wage statements with every payment issued to Plaintiff and the Class members, as required by NYLL § 195(3).

62. Due to Defendants' NYLL violations, Plaintiff and the Class members are entitled to recover from Defendants their unpaid wages from compensable break time, unpaid wages due to time shaving, unpaid spread of hours premiums, illegally retained gratuities, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MO, on behalf of herself, FLSA Collective Plaintiffs, and the Class respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid wages due to Defendants' time-shaving policy under the FLSA and NYLL;

d. An award of unpaid wages due under the FLSA and NYLL due to Defendants' policy of failing to pay for compensable breaks of twenty (20) minutes or less;

e. An award of the improperly retained gratuities due under the FLSA and NYLL;

f. An award of unpaid spread of hours premiums due under the NYLL;

g. An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under the NYLL;

h. An award of liquidated damages and/or punitive damages as a result of Defendants' willful failure to pay proper wages due to time-shaving, failing to pay wages for compensable break times, and illegally retaining gratuities, pursuant to 29 U.S.C. § 216;

i. An award of liquidated damages and/or punitive damages as a result of Defendants' willful failure to pay proper wages due to time-shaving, failing to pay wages for compensable break times, illegally retaining gratuities, and failure to pay spread of hours premium pursuant to the NYLL;

j.  An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys', expert fees, and statutory penalties

k.  Designation of Plaintiff MO as Representative of the FLSA Collective Plaintiffs;

l.  Designation of this action as a class action pursuant to F.R.C.P. 23;

m.  Designation of Plaintiff MO as Representative of the Class; and

n.  Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: New York, New York
March 8, 2022

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By: */s/ C.K. Lee*
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*